# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. JEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 2490 RWS |
| | ) | |
| GOVERNMENT OF THE UNITED | ) | |
| STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration of the dismissal of his complaint.

In a case duplicative of others brought by plaintiff in this Court, plaintiff 's complaint contains allegations surrounding a series of domestic incidents which began in 2003 after an order of protection was issued against plaintiff by his wife. As this Court has heard on several occasions, plaintiff complained in his complaint that the order of protection and subsequent divorce and custody proceedings violated his civil rights and that he was unlawfully unable to seek monetary or injunctive relief against the governmental officials who instituted and enforced the judgments. Plaintiff also asserted that he was denied his civil rights in appeals and collateral attacks on state court DWI proceedings. The Court dismissed plaintiff's

complaint for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3), and as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his motion for reconsideration, plaintiff avers that the Court was incorrect in basing its dismissal, in part, on the case domestic relations exception. See, e.g., Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception. . .divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony or child custody."). He asserts, in a broad fashion, that if the Supreme Court can use its authority to strike down the Defense of Marriage Act ("DOMA"), United States v. Windsor, 133 S.Ct. 2675 (2013), then this Court should have jurisdiction to address the domestic wrongs done to him.[1] Although plaintiff's "sense and reason" argument is colorful, it does not

---

[1]Plaintiff incorrectly asserts that Edie Windsor challenged DOMA under a very broad principle - asserting only that she was wronged because the federal government did not recognize her marriage to Thea Spyer, another woman. The case was actually about whether, after Spyer died, Windsor was properly denied the benefit of a spousal deduction on her estate taxes due to the definition of "marriage" and "spouse" provided in DOMA." The jurisdictional basis for the case to remain in federal court was a challenge to the constitutionality of one of the laws of the United States. Specifically, Ms. Windsor brought an action for refund of federal estate taxes and for a declaration that a pertinent provision of DOMA violated the Fifth Amendment. The Supreme Court found that DOMA's definition of marriage was unconstitutional as a deprivation of the liberty of the person protected by the Fifth Amendment. The Supreme Court also spoke to the "responsibility of the States for the regulation of domestic relations. . ." Windsor, 133 S. Ct. at 2694. Windsor does not support plaintiff's position here.

provide the strong judicial precedent necessary to change this Court's jurisdictional opinion in this case. Until the Supreme Court finds that the Article III Courts should intervene in such domestic relations matters relative to this case, the Court must adhere to the strong judicial precedent disallowing federal court intervention in marriage, dissolution and child custody matters.

Plaintiff also takes issue with the Court's citation to <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992), in order to bolster this Court's finding that plaintiff's assertions of a "government conspiracy" are clearly baseless, fanciful, fantastic, and delusional. <u>Id</u>. As the Court noted in its Memorandum and Order, plaintiff cannot sue governmental officials for purported violations of his civil rights simply because he disagrees with the outcome of the proceedings initiated against him. Plaintiff's continued insistence on naming every judicial and governmental official that has commented in some way on his allegations as a defendant in his multiple lawsuits simply adds more credence to the Court's findings under <u>Denton</u>.

Plaintiff has not provided the Court with any legal justification for reversing the dismissal of this action. As such, the Court must deny plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of the dismissal would not be taken in good faith.

Dated this 3rd day of February, 2014.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE